Van Voorhis, J. (dissenting).
The complaint, in my view, is insufficient in law. The prayer for reformation is not supported by the factual allegations, and constitutes merely an attempt to evade the parol evidence rule and the Statute of Frauds. The majority opinion concedes that a separate oral agreement for the payment of additional commissions to those provided for by the written agreement between these parties would be precluded by the parol evidence rule and would be unenforcible under the Statute of Frauds (Personal Property Law, § 31, subd. 1). The only further allegations are that defendant promised that the fact that commissions would continue to be payable to plaintiff after his general agency agreement ended was to be “ recorded and docketed in the official records of the defendant corporation.” Such docketing, even if made (which the complaint does not allege), would not change the terms of a written contract complete upon its face. There is no room under the allegations of this complaint for any claim of reformation due to mutual mistake, or fraud by the defendant and mistake by the plaintiff. The complaint expressly alleges that before signing this agreement plaintiff was informed by defendant’s vice-president that it would not be possible to include such a clause in the written agreement. Inasmuch as the clause would have had to have been included in the written agreement if it were to satisfy the Statute of Frauds, and could not have been availed of to contradict the written agreement unless it were included therein (Fogelson v. Rackfay Constr. Co., 300 N. Y. 334), this information to plaintiff that provision for these additional commissions could not be included in the written agreement was notice to plaintiff that payment of these extra commissions was not to become part of the legal obligation between the parties and would have to be left to the continuing good will of the defendant.
On either theory of reformation, plaintiff would have had to have mistakenly believed that an obligation to pay these additional commissions was being added to the written contract. It would have had to have been incorporated in the written agreement in order to have been enforcible. Since plaintiff alleges that before the agreement was signed he was authoritatively *498 informed by defendant that it could not be part of the written agreement, it was not left out of the agreement through plaintiff’s inadvertence or mistake. He knew that such a clause was not in the agreement when he signed it, and trusted to the good will of defendant to pay these extra commissions voluntarily. He knew that this insurance company was unwilling to make an enforcible agreement with him which differed from the pattern of the agreement which he signed, and with his eyes open he submitted himself to defendant’s favor in regard to the payment of any amounts not covered by the contract. If the defendant has not done as he hoped or expected, he has no legal cause to complain. Neither mutual nor unilateral mistake is alleged upon his part in the complaint concerning any part of the written agreement, which is the only enforcible agreement that could have existed between these parties.
The judgment appealed from should be affirmed.
Chief Judge Conway and Judges Dye, Fuld, Froessel and Burke concur with Judge Desmond; Judge Van Voorhis dissents in an opinion.
Judgment of the Appellate Division and that of Special Term reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.